UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-2535 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| BAR ARBOR GLEN AT PROVIDENCE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court are defendant Bar Arbor Glen at Providence Homeowners Association's (the "HOA") motions to dismiss. (ECF Nos. 9, 11). Plaintiff Bank of America, N.A. ("BANA") filed a response, (ECF No. 15) and defendant filed replies (ECF Nos. 16, 17).

As an initial matter, plaintiff's response violates Local Rule 7-3, which imposes a twenty-four-page limit on responses to non-summary judgment motions. Without exhibits, the instant response filing is twenty-nine pages. *See* (ECF No. 15). Therefore, the same will be stricken.

**I.    Introduction**

On August 21, 2008, the original borrowers purchased the real property at 10420 Scotch Elm Avenue, Las Vegas, Nevada, funding the purchase with a $196,859.00 loan secured by a deed of trust. (ECF No. 1). This deed of trust was first recorded on August 27, 2008, and BANA later acquired that deed of trust.[1]  (*Id.*). The HOA recorded a notice of lien, a notice of default, and a notice of sale—in that order. (*Id.*). The HOA conducted a foreclosure sale for the property on December 28, 2012. (*Id.*).

---

[1] Although not specifically stated, it is otherwise indicated in plaintiff's complaint that BANA possessed the first deed of trust prior to the foreclosure sale. *See* (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On November 1, 2016, plaintiff filed a complaint alleging four causes of action: (1) quiet title/declaratory judgment based upon Nevada Revised Statute ("NRS") Chapter 116's alleged violation of procedural due process, the Supremacy Clause's alleged bar against the extinguishment of BANA's senior deed of trust, the failure to sufficiently describe the amount owed on the HOA lien, and co-defendant Williston Investment Group's ("Williston") alleged failure to qualify as a bona fide purchaser for value; (2) breach of NRS 116.1113's obligation of good faith; (3) wrongful foreclosure; and (4) injunctive relief. (ECF No. 1).

Defendant's first motion to dismiss argues that this court lacks jurisdiction because claims in the instant action have not been subject to Nevada Real Estate Division ("NRED") mediation, as required by NRS 31.310. (ECF No. 9). Defendant offers its second motion to dismiss in case this court finds that it has jurisdiction over some or all of the present claims; the second motion also addresses the quiet title claim.[2] (ECF No. 11).

**II.     Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent

---

[2] Notably, plaintiff asserts that it "submitted a demand for mediation to Nevada Real Estate Division (NRED) on or about May 13, 2016." (ECF No. 1 at 3).

with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS

38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." Nev. Rev. Stat. § 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added). Moreover, nothing in NRS 38.330 provides that the Nevada Real Estate Division's ("NRED") failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.

There is no indication here that the NRED mediation has been completed as required. In fact, plaintiff implies that completion of mediation is not needed to bring its claim. *See* (ECF No. 1). Thus, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims—those that are subject to NRS 38.310—are unexhausted under state law.[3] This court now proceeds, applying the instant claims to this standard.

*a. Quiet title*

A claim to quiet title is not a civil action under NRS 38.300(3), which provides: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In addition, NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. § 11.070.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate *or interest* in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010 (emphasis added). "A plea to quiet

---

[3] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* Nev. Rev. Stat. § 38.350.

James C. Mahan
U.S. District Judge

- 4 -

title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it must show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

The HOA relies heavily on the argument that BANA cannot bring a quiet title claim because it does not allege that it holds a title in the contested parcel. (ECF No. 11). However, the mere allegation of an interest in the land is sufficient to assert this claim. *See* Nev. Rev. Stat. § 40.010.

Next, the HOA's assertion that a necessary party is missing from this case is unconvincing because the complaint identifies co-defendant Williston as the post-foreclosure purchaser, and the HOA does not identify a different necessary party. (ECF Nos. 1, 11). Indeed, plaintiff asserted this claim against "All Defendants." (ECF No. 1 at 6).

Furthermore, there is no clear indication to this court that the HOA provided BANA actual notice of the foreclosure sale. Therefore, the Ninth Circuit's holding in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), may be relevant to the instant case because it is possible the foreclosure sale was conducted under the unconstitutional statutory "opt-in" notice system.[4]

Although defendant avers that the Nevada Supreme Court's decision in *SFR Investments Pool 1*, 334 P.3d 408 (Nev. 2014), governs this question of due process, the Ninth Circuit was aware of this case when deciding *Bourne Valley*. *See* 832 F.3d at 1157; *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, --- F.3d Supp. ----, No. 2:15-CV-1683-JCM-

---

[4] Notably, the Ninth Circuit held in *Bourne Valley* that state action was present "for purposes of constitutional due process." 832 F.3d at 1160. Although the HOA argues that this court has no "jurisdiction to authoritatively construe state legislation," the Ninth Circuit interpreted the relevant statute here, NRS 116.3116(2), in a published opinion. *See id.* at 1158.

CWH, 2017 WL 843177, at *13 (D. Nev. Mar. 1, 2017). Ninth Circuit constitutional opinions are controlling law for this court. Consequently, this claim will survive the present motion to dismiss.[5]

Moreover, the HOA is, at least nominally, a necessary party to the suit because plaintiff alleges that the foreclosure sale is void. (ECF No. 1). If plaintiff was ultimately successful in its suit, the HOA would likely regain its lien and plaintiff might also be able to recover from the HOA. *See Nationstar Mortg., LLC*, 2017 WL 843177, at *6.

b. *NRS 116.1113 claim*

Plaintiff alleges the following regarding its claim for relief under NRS 116.1113:

> If it is determined Bar Arbor's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Bar Arbor's and its agent NAS' breach of their obligations of good faith will cause BANA to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

(ECF No. 1) at 11–12.

Therefore, this claim is a "civil action" under NRS 38.300 due to its pursuit of money damages and is thus typically subject to mediation under NRS 38.310. *See* Nev. Rev. Stat. § 38.300; *McKnight Family, L.L.P.*, 310 P.3d at 558.

However, the NRS 116.1113 claim against the HOA requests pecuniary damages based upon the alleged breach of a statutory duty. (ECF No. 1). Accordingly, the claim must be brought against a defendant within three years, which plaintiff has failed to do. *See* Nev. Rev. Stat. § 11.190(3)(a).

c. *Wrongful foreclosure*

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight*

---

[5] The court makes this holding cognizant of defendant's notice of supplemental authority. (ECF No. 23).

*Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558. Therefore, mediation typically must precede this court's analysis of the merits of plaintiff's allegations regarding this claim.

However, this claim is also time-barred under NRS 11.190(3)(a) because it is "[a]n action upon a liability created by statute" that was not brought to court within three years of the underlying act. Nev. Rev. Stat. § 11.190(3)(a); *see also* (ECF No. 1). Therefore, it will be dismissed.

### d. Injunctive relief

"Under Nevada law, injunctive relief is not a cause of action, but rather a type of remedy." *Ozawa v. Bank of N.Y. Mellon*, No. 2:12-CV-494-JCM-RJJ, 2012 WL 3656520, at *3 (D. Nev. Aug. 24, 2012) (citing *In re Wal–Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Consequently, this court finds that *sua sponte* dismissal of this claim is appropriate, although it is directed at Williston and not the HOA. Therefore, plaintiff's fourth claim will be dismissed.

## IV. Conclusion

In sum, the claims for breach of NRS 116.1116 and wrongful foreclosure are dismissed as time-barred. Next, injunctive relief is not a proper claim and will be dismissed. Finally, there is no indication in the record of the case that plaintiff received actual notice of the foreclosure sale, so that claim survives dismissal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's second motion to dismiss plaintiff's claims (ECF No. 11) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the first motion to dismiss plaintiff's claims for breach of NRS 116.1113 and wrongful foreclosure as unexhausted (ECF No. 9) be, and the same hereby is, DENIED as moot.

. . .

James C. Mahan
U.S. District Judge

- 7 -

1       IT IS FURTHER ORDERED that plaintiff's response (ECF No. 15) be, and the same hereby is, STRICKEN.

      DATED April 28, 2017.

                                    /s/ James C. Mahan
                                    UNITED STATES DISTRICT JUDGE